IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. DEMPSEY, | No. C 09-2921 JSW (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| ARNOLD SCHWARZENEGGER, "JOHN DOES 1-10, " | (Docket No. 3) |
| Defendants. | |

Plaintiff, formerly a prisoner of the State of California, has filed a civil rights complaint complaining about violations of his rights while incarcerated at the Santa Rita County Jail in Dublin, California. Plaintiff has filed a motion to proceed *in forma pauperis,* which is now GRANTED in a separate order filed simultaneously (docket no. 3). In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.

**DISCUSSION**

Plaintiff has filed a complaint alleging that his constitutional rights were violated by certain policies he was subjected to at the Santa Rita County Jail, including denying him proper credit for "good time" without notice, improperly treating those prisoners incarcerated as a result of a parole revocation differently than those newly convicted and transferring those newly convicted prisoners out of the jail to the California Department of Corrections and Rehabilitation faster than those whose incarceration occurred because their parole had been revoked. Plaintiff only names a single Defendant, the Governor of

California. He has also alleged responsibility on the part of ten "John Doe" Defendants. However, throughout the complaint, Plaintiff repeatedly alleges that "Defendants" are liable, without identifying how the actions of any of the named Defendants resulted in a constitutional violation (including the 10 "John Doe" Defendants against whom he alleges no allegations whatsoever). Plaintiff has failed to sufficiently identify how any individual named Defendant has violated his rights. Therefore, the complaint is dismissed with leave to amend as set forth below.

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    Legal Claims

Plaintiff repeatedly complains about the actions of "Defendants" that has resulted in the deprivation of his rights. However, Plaintiff does not identify how any specific individual violated his rights. Therefore, the complaint will be DISMISSED. However, Plaintiff will be provided with leave to amend the complaint to correct this deficiency.

A complaint that fails to state the specific acts of the defendant which violated the

2

plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Plaintiff's complaint fails to provide a short and plain and separate statement about the specific conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what any named Defendant did or did not do in order to state a claim against them, including any "John Doe" Defendants.

In his amended complaint, Plaintiff must establish legal liability of each person named as a Defendant for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to Governor Schwarzenegger, Plaintiff does not specify any allegation against him, other than "neglect of his duties." In raising a claim against a supervisory employee, Plaintiff should be mindful that a supervisor may be liable under

3

1 § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation
2 or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
3 constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.
4 1991) (en banc). A supervisor therefore generally "is only liable for constitutional
5 violations of his subordinates if the supervisor participated in or directed the violations,
6 or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d
7 1040, 1045 (9th Cir. 1989).

Further, "John Doe" defendant liability must also be properly alleged. Plaintiff included 10 "John Doe" Defendants in his complaint, but he does not identify specifically what each "Doe" Defendant did. A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the names and identities of unnamed defendants.

Without this basic information, the complaint cannot proceed. The amended complaint need not be long. In fact, a brief and clear statement with regard to each claim listing how each individual Defendant violated his rights is preferable. The amended complaint should comply with Rule 8 and identify how any named Defendant is responsible. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.

1  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies
2  in his complaint.

## CONCLUSION

4      For the foregoing reasons and for good cause shown,

5      1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

11      2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

17      3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

21      IT IS SO ORDERED.

22  DATED:  04/09/10

JEFFREY S. WHITE
United States District Judge